(156 App. Div. 718.)

## WALKER v. DRESSLER.

(Supreme Court, Appellate Division, First Department.   May 23, 1913.)

1. APPEAL AND ERROR (§ 633*)—DISMISSAL OF APPEAL—GROUNDS.

  The Appellate Division has jurisdiction to dismiss an appeal for default in the service of the printed papers on appeal.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2772–2774; Dec. Dig. § 633.*]

2. APPEAL AND ERROR (§ 633*)—DELAY IN MAKING CASE—REMEDY.

  A motion to open a default in serving a case on appeal must be heard at Special Term, and will not be considered by the Appellate Division.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2772–2774; Dec. Dig. § 633.*]

3. APPEAL AND ERROR (§ 633*)—DELAY IN MAKING CASE—REMEDY.

  A motion to dismiss an appeal for a default in the service of the printed papers, where no excuse for the delay was disclosed, would be granted, unless the appellant had the papers printed, filed, and certified as prescribed in the general rules of practice within a time specified.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2772–2774; Dec. Dig. § 633.*]

Action by George W. Walker against Anna Dressler.  Judgment for plaintiff, and defendant appeals.  On motion to dismiss appeal.  Motion granted conditionally.

See, also, 141 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edgar Whitlock, of New York City, for the motion.
William B. Dressler, of New York City, opposed.

PER CURIAM.   [1] The attorney for the appellant entirely misapprehends the practice.   Where the appellant is in default in the service of the printed papers this court has jurisdiction to dismiss the appeal.

[2] A motion to open a default in serving a case on appeal is a motion that should be heard at Special Term, and therefore a motion made before the Appellate Division to open a default in serving a case on appeal will not be considered.

[3] Where a motion to dismiss an appeal is before this court, it is our practice to grant that motion, unless the appellant procures the papers to be printed and filed and certified as prescribed by the general rules of practice within the time specified.   The motion made to open the appellant's default was denied, because the motion should have been made at Special Term.   The respondent having now made a motion to dismiss this appeal, and the appellant being in default, the appeal should be dismissed, unless some excuse is disclosed in the answering affidavit why the papers have not been filed as required by the general rules of practice.   Judgment in this case was entered on December 6th, and no case has yet been served, nor have the printed papers on the appeal been filed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The motion will be granted, with $10 costs, unless the appellant pays $10 costs and has the printed papers and points filed on or before the 11th of June.